IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JAMES H.,[1]

        Plaintiff,

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

        Defendant.

Case No. 3:21-cv-00488-YY

OPINION AND ORDER

YOU, Magistrate Judge.

      Plaintiff James H. seeks judicial review of the final decision by the Commissioner of the Social Security Administration ("Commissioner") denying his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 401-33, and Supplemental Security Income ("SSI") disability benefits under Title XVI of the Act, 42 U.S.C. §§ 1381-1383f. This court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. §§ 405(g). For the reasons set forth below, that decision is AFFIRMED.

---

[1] In the interest of privacy, the court uses only plaintiff's first name and the first initial of plaintiff's last name.

Page 1 – OPINION AND ORDER

Plaintiff protectively filed for DIB benefits on May 8, 2018, and SSI benefits on June 1, 2018, alleging disability beginning on April 2, 2018.  Plaintiff's claims were initially denied on September 27, 2018, and upon reconsideration on April 29, 2019.  Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which took place on June 4, 2020.  At that hearing, plaintiff and a vocational expert testified.  The ALJ issued a decision on August 26, 2020, finding plaintiff not disabled within the meaning of the Act.

The Appeals Council denied plaintiff's request for review on March 1, 2021.  Therefore, the ALJ's August 26, 2020 decision is the Commissioner's final decision and is subject to review by this court.  20 C.F.R. § 416.1481.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record.  42 U.S.C. § 405(g); *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).  This court must weigh the evidence that supports and detracts from the ALJ's conclusion and "'may not affirm simply by isolating a specific quantum of supporting evidence.'"  *Garrison v. Colvin*, 759 F.3d 995, 1009-10 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)).  This court may not substitute its judgment for that of the Commissioner when the evidence can reasonably support either affirming or reversing the decision.  *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).  Instead, where the evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld if it is "supported by inferences reasonably drawn from the record."  *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted); *see also Lingenfelter*, 504 F.3d at 1035.

## SEQUENTIAL ANALYSIS AND ALJ FINDINGS

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. § 416.920; *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (discussing *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999)). The claimant bears the burden of proof at steps one through four. *Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001). The Commissioner bears the burden of proof at step five. *Id.* at 953-54.

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since April 2, 2018, the alleged onset date. At step two, the ALJ determined that plaintiff suffered from the following severe impairments: diabetes with neuropathy, obesity, anxiety, a depressive disorder, and a trauma disorder.

At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. The ALJ found that plaintiff had the "residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that the claimant can stand and walk for a combined total of 6 hours. The claimant can occasionally climb ramps and stairs, can occasionally balance, stoop, kneel, crouch, and crawl, can frequently reach handle finger and feel, but can never climb ladders ropes or scaffolds. The claimant is limited to simple routine work, in a workplace with no more than occasional workplace changes. The claimant can have occasional superficial contact with coworkers, with no teamwork, and can have brief, superficial contact with the public." Tr. 25.

Page 3 – OPINION AND ORDER

At step four, the ALJ found that plaintiff was unable to perform any past relevant work. At step five, the ALJ found that—considering plaintiff's age, education, work experience, and residual functional capacity—there were jobs that existed in significant numbers in the national economy that plaintiff could perform, including house cleaner, assembler (production), and assembler (electrical accessories). Thus, the ALJ concluded that plaintiff was not disabled.

## DISCUSSION

Plaintiff argues the ALJ improperly rejected Dr. Linda Lester's medical opinion and erred in discounting his subjective symptom allegations.

**I.   Medical Opinion Evidence**

**A.   Relevant Law**

Plaintiff applied for benefits in May and June of 2018. When evaluating medical opinion evidence for claims filed on or after March 27, 2017, ALJs must apply 20 C.F.R. § 404.1520c for Title II claims and 20 C.F.R. § 416.920c for Title XVI claims. *Revisions to Rules Regarding the Evaluation of Medical Evidence* (*Revisions to Rules*), 82 Fed. Reg. 5844, *available at* 2017 WL 168819 (Jan. 18, 2017). Under these regulations, ALJs no longer "weigh" medical opinions, but rather determine which are most "persuasive." 20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(b). To that end, controlling weight is no longer given to any medical opinion. *Revisions to Rules*, 82 Fed. Reg. at 5867-68; *see also* 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, the Commissioner evaluates the persuasiveness of medical opinions based on (1) supportability, (2) consistency, (3) relationship with the claimant, (4) specialization, and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(a), (c)(1)-(5), 416.920c(a), (c)(1)-(5). The factors of "supportability" and

Page 4 – OPINION AND ORDER

"consistency" are considered to be "the most important factors" in the evaluation process.  20 C.F.R. §§ 404.1520c(c), 416.920c(c).

An ALJ must articulate how persuasive the ALJ finds the medical opinions and explain how the ALJ considered the supportability and consistency factors.  20 C.F.R. §§ 404.1520c(a), (b), 416.920c(a), (b); *see Tyrone W. v. Saul*, No. 3:19-CV-01719-IM, 2020 WL 6363839, at *7 (D. Or. Oct. 28, 2020).  "The ALJ may but is not required to explain how other factors were considered, as appropriate, including relationship with the claimant (length, purpose, and extent of treatment relationship; frequency of examination); whether there is an examining relationship; specialization; and other factors, such as familiarity with other evidence in the claim file or understanding of the Social Security disability program's policies and evidentiary requirements." *Linda F. v. Comm'r Soc. Sec. Admin.*, No. C20-5076-MAT, 2020 WL 6544628, at *2 (W.D. Wash. Nov. 6, 2020).  However, ALJs are required to explain "how they considered other secondary medical factors [if] they find that two or more medical opinions about the same issue are equally supported and consistent with the record but not identical." *Tyrone W.*, 2020 WL 6363839, at *6 (citing 20 C.F.R. §§ 404.1520c(b)(2) and 404.1520c(b)(3)).

Furthermore, the court must continue to consider whether the ALJ's decision is supported by substantial evidence.  *See Revisions to Rules*, 82 Fed. Reg. at 5852 ("Courts reviewing claims under our current rules have focused more on whether we sufficiently articulated the weight we gave treating source opinions, rather than on whether substantial evidence supports our final decision."); *see also* 42 U.S.C. § 405(g).

### B.    Dr. Linda Lester

Dr. Lester is a doctor with the Oregon Health Sciences University Diabetes Center.  She treated plaintiff for two years.  Tr. 652.

Page 5 – OPINION AND ORDER

In her May 2020 questionnaire, Dr. Lester opined, "It is possible that [plaintiff] could have elevated blood sugars and not be able to work for 2 days" a month. *Id.* When asked whether plaintiff experienced side effects from medications that would interfere with his ability to sustain the basic attention and concentration needed to perform even simple work tasks, Dr. Lester replied "yes" and explained that plaintiff "could develop low blood sugars." Tr. 653-54. She also indicated that plaintiff's attention and concentration would be impaired for 20% or 8 hours per work week such that he could not be expected to perform even simple work tasks because "[h]e will need to take breaks, check blood sugars, and drink fluids 2-3 x/day." Tr. 652. Dr. Lester described that plaintiff suffered from peripheral neuropathy "to some degree" and had pain and numbness in his feet. Tr. 654.

The ALJ discounted Dr. Lester's opinion because she stated only "'it is possible' that [plaintiff] could have elevated blood sugars, or that [plaintiff] 'could' have developed low blood sugars, which are speculations[.]" Tr. 29. The ALJ's finding is supported by Dr. Lester's equivocal use of the words "possible" and "could" in her questionnaire responses. *See Glosenger v. Comm'r of Soc. Sec. Admin.*, No. 3:12-CV-1774-ST, 2014 WL 1513995, at *6 (D. Or. Apr. 16, 2014) ("To the extent that the ALJ rejected the remainder of Dr. Stradinger's opinion as "somewhat speculative," that characterization is fully supported by Dr. Stradinger's equivocal language ("might do better" and "would also likely require")."). Thus, the ALJ did not error in this regard.

The ALJ further found that Dr. Lester's opinion was "inconsistent with the evidence that [plaintiff's] diabetes has responded well to treatment, but that [plaintiff] has been chronically non-complaint with medications." Tr. 29. In support, the ALJ cited chart notes in which plaintiff was "described as 'not very adherent' to medications in January of 2018." Tr. 26 (citing

Tr. 411, 435). This was a reasonable interpretation of the record. Plaintiff has been diagnosed with type 2 diabetes since he was 12 years old. Tr. 390. After moving to Portland, Tr. 480, plaintiff saw a nurse practitioner at Prism Health on January 23, 2018, to reestablish care, including for his diabetes and mental health. Tr. 435. Plaintiff reported the doses of medications he was "currently using," including Levemir, Novolog, Invokana, and Onglyza as follows:

> Patient currently using levemir 80units daily (flexpens), novolog on a sliding scale (15 unites with meals), *but hasn't been using it*), invokana (canagliflozin) 300mg daily for past 3 years, onglyza (saxagliptin) 30mg daily for past 3 years[.]

Tr. 435 (emphasis added). Plaintiff reported that he "[r]an out of levemir and novolog" and admitted he "hasn't been using it." Tr. 411, 435. He further stated that he was "*not very adherent to other medication,*" presumably the Invokana and Onglyza, which he *"takes it every three to four days,"* despite the fact it was prescribed for daily use. *Id.* From this record, ALJ reasonably concluded that plaintiff was "not very adherent" to some of his diabetes medications.

Plaintiff claims the ALJ erred in failing to recognize that "many of the treatments that [he] had taken for his diabetes were declined by his insurance" and argues the "inability to afford treatment cannot be held against [him]." Pl. Br. 7. "Disability benefits may not be denied because of the claimant's failure to obtain treatment he cannot obtain for lack of funds." *Gamble v. Chater,* 68 F.3d 319, 321 (9th Cir. 1995).

The record shows that plaintiff's insurance denied his prescription for Invokana and short acting insulin. Tr. 508, 512. But, as the ALJ observed, the record reflects that plaintiff was not testing and not taking the medications that he was otherwise able to obtain. For instance, chart notes from June 11, 2018, indicate that plaintiff was "still not testing" and was testing only "1-2 times every other week." Tr. 391. When plaintiff indicated that his meter was not working, Dr. Lester provided him with a new meter and told him to test "1-2 times daily." *Id.* Subsequent

Page 7 – OPINION AND ORDER

chart notes from September 17, 2018, indicate that, despite receiving a new meter, plaintiff was still "not testing," "not taking his metformin as prescribed," and missed several doses of Basaglar insulin. Tr. 512. Vocational rehabilitation notes from May 2019 indicate that plaintiff "sometimes only doses every other day" and was "sporadic with glucose monitoring as well"; however, plaintiff was "consistent with taking his PrEP (preemptive prophylaxis) medication at midnight every night, which shows that he can medicate consistently when motivation." Tr. 319. Additionally, in July 2019, Dr. Lester further observed that plaintiff was still "[m]issing insulin at night frequently." Tr. 591. Thus, the record reflects that plaintiff was not adherent to his medications and recommended treatment, irrespective of whether certain medications were denied by his insurance.

  Plaintiff also claims the ALJ failed to recognize that his " depression and other mental impairments impacted his motivation and ability to care for himself." Pl. Br. 7; *see* Tr. 512 (September 2018 chart notes indicating plaintiff was "interested in increasing his glucose levels but is currently lacking motivation to do so"). But this brings the discussion back full circle to the reason the ALJ initially gave for discounting Dr. Lester's opinion—because Dr. Lester opined that it was only "*possible* that [plaintiff] *could* have elevated blood sugars." Tr. 652 (emphasis added). Indeed, chart notes by Dr. Lester and other medical professionals repeatedly indicate that while plaintiff's diabetes was "poorly controlled," it was still "without complication." Tr. 412 (January 2018), 439 (same), 410 (February 2018), 391 (June 2018), 510 (September 2018), 597 (April 2019), 592 (July 2019), 586 (December 2019), 572 (March 2020). And, again, the record indicates that plaintiff was capable of taking medication: he was "consistent with taking his PrEP (preemptive prophylaxis) medication at midnight every night, which shows that he can medicate consistently when motivated." Tr. 319.

Finally, the ALJ found that Dr. Lester's opinion was "not consistent" with the opinion of Joshua Oppenheim, PA-C. Tr. 29. Plaintiff argues that "Oppenheim had only seen Plaintiff on one occasion when he offered his opinion and was not treating Plaintiff's diabetes or mental impairments." Pl. Br. 9. Even so, the ALJ otherwise properly discounted Dr. Lester's opinion, as discussed above. Therefore, any error in evaluating Oppenheim's opinion, if it exists, is inconsequential.

## II. Subjective Symptom Testimony

Plaintiff also contends the ALJ erred in rejecting his subjective symptom testimony. When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms complained of and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of . . . symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996) (citation omitted). A general assertion that the claimant is not credible is insufficient; the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (internal citation omitted). If the "ALJ's credibility finding is supported by substantial evidence in the record, [the court] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (citation omitted).

Effective March 28, 2016, the Commissioner superseded Social Security Ruling ("SSR") 96-7p, governing the assessment of a claimant's "credibility," and replaced it with SSR 16-3p. *See* SSR 16-3p, *available at* 2016 WL 1119029. SSR 16-3p eliminates the reference to

"credibility," clarifies that "subjective symptom evaluation is not an examination of an individual's character," and requires the ALJ to consider all the evidence in an individual's record when evaluating the intensity and persistence of symptoms. *Id.* at *1-2. The ALJ must examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* at *4.

The ALJ found plaintiff's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not entirely consistent with the medical evidence and other evidence in the record." Tr. 25. In evaluating a claimant's subjective symptom testimony, an ALJ may consider whether it is consistent with objective medical evidence. 20 C.F.R. §§ 404.1529(c)(1)-(3), 416.929(c)(1)-(3); SSR 16-3p, *available at* 2017 WL 5180304, at *7-8. A lack of objective medical evidence may not form the sole basis for discounting a claimant's testimony. *Tammy S. v. Comm'r Soc. Sec. Admin.*, No. 6:17-cv-01562-HZ, 2018 WL 5924505, at *4 (D. Or. Nov. 10, 2018) (citing *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("[T]he Commissioner may not discredit [a] claimant's testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence.")). However, when coupled with other permissible reasons, inconsistencies between a claimant's allegations and objective medical evidence may be used to discount a claimant's testimony. *Tatyana K. v. Berryhill*, No. 3:17-cv-01816-AC, 2019 WL 464965, at *4 (D. Or. Feb. 6, 2019) (citing *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1197-98 (9th Cir. 2004)).

Here, the ALJ also discounted plaintiff's symptom complaints because his "conditions have responded well to medications," but he was "not very adherent" to medications. Tr. 26.

This was a legitimate, clear and convincing reason to discount plaintiff's testimony. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007) (recognizing that, in assessing a claimant's symptom testimony, the ALJ may consider whether the claimant fails to follow, without adequate explanation, a prescribed course of treatment). The ALJ's decision is supported by substantial evidence, as discussed above.

Additionally, the ALJ observed that, during the relevant period, plaintiff worked at Walgreens three days a week for seven hours at a time in both the photo department and as a cashier. Tr. 26 (citing Tr. 577); *see* Tr. 688 (working at Walgreens in December 2019). During this time, plaintiff's "diabetes was described as under moderate control" with "a normal monofilament examination of the feet, and no pain with palpitation." Tr. 26; Tr. 585 (December 2019 records showing plaintiff's diabetes was under "moderate control"); Tr. Tr 395 (April 2, 2018 (Monofilament examination performed, normal")), 588 (July 22, 2019 (same)), 508 (January 7, 2019 (same)), Tr. 569 (March 16, 2020 (same)). "An ALJ may consider any work activity, including part-time work, in determining whether a claimant is disabled." *Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020). Holding oneself out for part-time work is not inconsistent with receipt of disability benefits, which only requires the inability to work full-time. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1161-62 (9th Cir. 2008). However, in evaluating a claimant's testimony, the ALJ may consider whether the claimant's symptoms were sufficiently controlled with adherence to treatment, which is what the ALJ did here in citing to plaintiff's ability to perform part-time work history. Accordingly, the ALJ did not err in discounting plaintiff's testimony in this regard.

**III.     Lay Witness Statements**

Plaintiff contends the ALJ erred in rejecting the statements by his roommate and friend who attested to his declining health and struggles over an extended period of time.  The ALJ observed that "by virtue of the relationship with the claimant, the claimant's roommate and partner cannot be considered disinterested third party witnesses."  Tr. 30.  But to reject the testimony on this basis is contrary to the Ninth Circuit's decision in *Dodrill v. Shalala,* 12 F.3d 915, 918–19 (9th Cir. 1993), where the court held that "friends and family members in a position to observe a claimant's symptoms and daily activities are competent to testify as to her condition."

The ALJ also rejected these lay witness statements because they were "not wholly consistent with evidence that the claimant's diabetes is controllable on medication, evidence that the claimant has been chronicled throughout the record with intact mental functioning, and evidence that the claimant was resuming work activity in 2019."  Tr. 30 (citing 9F/11, 10F/4, 14F/13).  These were legitimate reasons, supported by substantial evidence, to reject the lay witness statements, as discussed above.  Therefore, there was no error.

## ORDER

The Commissioner's decision is AFFIRMED.

DATED November 1, 2022.

                                                                        /s/ Youlee Yim You
                                                                  Youlee Yim You
                                                                  United States Magistrate Judge